UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00193-JPH-DLP |
| | ) | |
| ALESHALIA BOSS, | ) | -04 |
| RICK P. COLEY, | ) | -07 |
| DAVID K. DUGGAR, | ) | -11 |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE FROM PENNINGTON/SMITH ARREST**

Defendant Rick Coley has filed a motion *in limine* to exclude from trial

evidence seized during the March arrest of Christina Pennington and Schuane

Smith.  Dkt. 802.[1]  For the reasons that follow, Mr. Coley's motion, dkt. [802],

is **DENIED**.

**I.
Applicable Law**

"Motions *in limine* are well-established devices that streamline trials and

settle evidentiary disputes in advance, so that trials are not interrupted mid-

course for the consideration of lengthy and complex evidentiary issues."

*United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).  Still, orders *in*

*limine* are preliminary and "subject to change when the case unfolds" because

actual testimony may differ from a pretrial proffer.  *Luce v. United States*, 469

---

[1] Mr. Duggar joins Mr. Coley's motion, dkt. 814, so all references to Mr. Coley include
Mr. Duggar as well.

U.S. 38, 41 (1984).  A trial judge does not bind himself by ruling on a motion *in limine* and "may always change his mind during the course of a trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## II.
## Analysis

Mr. Coley filed a motion *in limine* asking the court to exclude as irrelevant evidence that was recovered from the shared residence of Christina Pennington, a defendant in this case, and Schaune Smith, during the execution of a search warrant on March 2, 2020.  *See* dkt. 802.  Mr. Coley believes this evidence to include items with methamphetamine and/or fentanyl residue on them.  *Id.* at 2 ¶ 3.  Mr. Coley believes the government will seek to introduce this evidence at trial to show that Mr. Betts supplied Ms. Pennington and Mr. Smith with these narcotics.  *Id.* at 3 ¶ 9.

Mr. Coley concedes that there was a conspiracy that involved Mr. Betts, Ms. Pennington, and others, but argues that he did not join the conspiracy.  *Id.* at 4–5 ¶ 13.  In support of the motion to exclude evidence recovered from the Pennington/Smith residence, Mr. Coley argues that, "[b]ecause Betts and Pennington have both already admitted to being involved in a conspiracy with one another . . . , any evidence relating to Pennington's involvement in the conspiracy is simply not relevant in [Coley's] trial."  Dkt. 802 at 4 ¶ 11.  Therefore, evidence recovered from the Pennington/Smith residence has

"nothing to do with" him, is irrelevant, and would confuse the issues for the jury. *Id.* at 4 ¶ 12.[2]

In response, the government argues that the evidence recovered from the Pennington/Smith residence is relevant because the government has the burden of proving both that "two or more people agreed to . . . distribute [a controlled substance]" and that each defendant "knowingly and intentionally joined [the] agreement." *United States v. Luster*, 480 F.3d 551, 555 (7th Cir. 2007).

Evidence that methamphetamine and fentanyl—the drugs that the government alleges were distributed as part of the conspiracy—were present at the Pennington/Smith residence on March 2, 2020, "makes it more probable that the charged conspiracy existed." Dkt. 862 at 2 ¶ 3. While Mr. Coley claims to "concede[] Betts and others, including Pennington, were involved in a conspiracy to distribute controlled substances," dkt. 802 at 4, there is no such stipulation. Therefore, the government remains obligated to prove the existence of the conspiracy alleged in the Second Superseding Indictment and that Mr. Coley joined that conspiracy. *Luster*, 480 F.3d at 555.

"Relevant evidence is that which 'has any tendency to make a fact . . . of consequence' any 'more or less probable than it would be without the evidence.'" *United States v. Hamzeh*, 986 F.3d 1048, 1052 (7th Cir. 2021) (quoting Fed. R. Evid. 401). Here, the Second Superseding Indictment alleges

---

[2] In joining Mr. Coley's motion, Mr. Duggar does not make any new argument, but states only that "there is no connection between that evidence and anything relating to Mr. Duggar's conduct." Dkt. 814.

that Mr. Coley and Mr. Duggar joined a larger drug-dealing conspiracy that included Mr. Betts, Ms. Pennington, and others, and that operated between February 2019 and July 14, 2021.  Dkt. 862 at 2 (citing dkt. 762 at 1–7).  The government proffers that the evidence at trial will show that Ms. Pennington and Mr. Smith were dealing drugs with Mr. Coley in March 2020.  Dkt. 862 at 3.  Evidence of the presence of methamphetamine and fentanyl at the Pennington/Smith residence during the timeframe of the charged conspiracy makes the existence of the charged conspiracy more probable than it would be without that evidence, so that evidence is relevant.  *See* Fed. R. Evid. 401.  And Mr. Coley's motion does not develop any arguments in support of his assertion that this evidence would confuse the jury or that its probative value is substantially outweighed by unfair prejudice.  Dkt. 802 at 4 ¶ 11.  Therefore, the motion *in limine* to exclude evidence recovered from the Pennington/Smith residence on March 2, 2020, is **DENIED**.

### III.
### Conclusion

Mr. Coley's motion *in limine* to exclude from trial any evidence seized from the March arrest of Christina Pennington and Schuane Smith is **DENIED**, dkt. [802], and Mr. Duggar's motion is **DENIED** to the extent that it seeks to exclude that same evidence, dkt. [814].  As with all orders *in limine*, this order is preliminary and "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984).

**SO ORDERED.**

Date: 1/5/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel