UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cr-00193-JPH-MJD |
| ALESHALIA BOSS, | ) -04 |
| Defendant. | ) ) |

### ORDER

Defendant, Aleshalia Boss, pled guilty to two drug charges. *See* dkts. 1106, 1110.  At sentencing, the government intends to argue that Ms. Boss should receive a two-level enhancement to her offense level for obstruction of justice by "falsely claiming to have suffered a 'stroke' and falsely provoking competency hearings."  Dkt. 1185 at 4–5 ¶ 7 (citing U.S.S.G. § 3C1.1).  Ms. Boss intends to dispute the applicability of this enhancement.  *See* dkt. 1260 at 5 ¶ 7.

To establish a record of Ms. Boss's alleged obstruction of justice, the government seeks access to certain *ex parte* filings and hearing transcripts. Dkt. 1185 at 5 ¶¶ 8–9.  Ms. Boss does not object to removing the *ex parte* restriction from certain filings, dkt. 1260 at 3–5 ¶ 6, so the Court **directs the Clerk** to remove the *ex parte* restriction from docket entries 1029, 1061, and 1066, and sealed restriction from docket entry 1049.

Ms. Boss objects, however, to the disclosure of two filings and two hearing transcripts that are designated *ex parte* ("the *Ex Parte* Materials"):

1

- **Docket Entry 1026:** Defendant's *Ex Parte* Request for *Ex Parte* Hearing on Defendant's Ability to Stand Trial;
- **Docket Entry 1060**: Defendant's *Ex Parte* Report and Request for Appointment of Mental Health Professionals; and
- The December 8 and December 19 *ex parte* hearing transcripts.

Dkt. 1260 at 3–5 ¶ 6. Ms. Boss argues that the restriction should not be lifted because the *Ex Parte* Materials contain defense counsel's impressions of her mental capacity based on privileged communications. *Id.* Moreover, there is evidence in the record that the government already has access to which the government can use to argue for the obstruction-of-justice enhancement. *Id.* Finally, Ms. Boss argues that granting the government's request could have a chilling effect on future defense counsel's requests for mental health evaluations. *Id.*

To begin, the Court finds that the *Ex Parte* Materials—which consist of written and oral statements to the Court—are not covered by the attorney-client privilege. *See United States v. Evans*, 113 F.3d 1457, 1462 (7th Cir. 1997) (noting that attorney-client privilege shields only communications intended to be confidential and is generally waived when otherwise privileged statements are disclosed by an attorney in the presence of a third party). The issue then is whether there is cause for the Court to remove the *ex parte* restriction. *Ex parte* restrictions allow the Court to have unilateral, but on-the-record, communications with a defendant and defense counsel about confidential matters. *See, e.g.,* Fed. R. Crim. P. 17(b) ("Upon a defendant's *ex parte* application, the court must order that a subpoena be issued . . . .").

2

Here, the Court conducted two *ex parte* hearings at the request of defense counsel so that counsel could provide the Court information relevant to (1) Ms. Boss's competency to stand trial and (2) counsel's motion for the appointment of an independent medical examiner. Consequently, the Court appointed an independent medical examiner to assess Ms. Boss's condition. Dkts. 1065, 1070. The government received a copy of the independent medical examiner's report that concluded Ms. Boss did not have a stroke and that she was malingering. Dkt. 1099. After reviewing the report and hearing evidence at the competency hearing, the Court found that Ms. Boss was competent to stand trial and assist properly in her defense. *See* dkt. 1110. Also at the competency hearing, the Court made detailed observations on the record comparing how Ms. Boss presented at the competency hearing to how she presented at the *ex parte* hearings. Thereafter, Ms. Boss filed a petition to enter a guilty plea. The Court held a hearing and accepted her guilty plea. *Id.*

The Court has considered the government's stated reasons for seeking access to the *Ex Parte* Materials and Ms. Boss's arguments why the restriction should not be lifted. *See* dkts. 1185, 1260. The Court concludes that the *ex parte* designation on the *Ex Parte* Materials should not be removed. While the government is correct that the *Ex Parte* Materials are "relevant to establish whether the defendant obstructed justice," dkt. 1185 at 5 ¶ 8, there is ample information in the unrestricted portions of the record to enable the government to make its argument. Dkt. 1272 at 10 ¶ 46 (presentence investigation report finding that Ms. Boss "willfully obstructed or impeded, or attempted to obstruct

or impede, the administration of justice."). Also, Ms. Boss's conduct at the *ex parte* hearing was summarized by the Court, in pertinent part, at the competency hearing.

Last, giving the government access to defense materials that were submitted *ex parte* in support of a competency examination would create a disincentive for counsel to bring concerns about a defendant's competency to the Court's attention and to be candid when doing so. As the Court observed at the competency hearing, Ms. Boss's then-defense attorney Ted Minch did here exactly what he should have done in bringing his concerns about Ms. Boss's competency to the Court's attention through the *Ex Parte* Materials. While those materials remain restricted, Ms. Boss's competency was subject to independent medical evaluation and thereafter adversarial proceedings with the government. *Cf. United States v. Boender*, 649 F.3d 650, 657 (7th Cir. 2011) ("[*E*]*x parte* proceedings are generally disfavored in our adversarial system: they are the 'exception rather than the rule.'").

The Court thus **GRANTS in part** the government's motion, dkt. [1185]. The Clerk **is directed** to remove the *ex parte* restrictions on docket entries 1029, 1061, and 1066, and sealed restriction on docket entry 1049, but maintain the *ex parte* restriction on docket entries 1026 and 1060, as well as the December 8 and December 19 hearings.

Finally, Ms. Boss's submission regarding the removal of filing restrictions, dkt. 1260, was docketed as sealed. Since there does not appear to be any sensitive or private information contained in this filing, *see* S.D. Ind. L.

4

Crim. R. 49.1-2, the Court **ORDERS** Ms. Boss to **SHOW CAUSE by April 24, 2023,** why this filing should not be unsealed. Failure to respond by this date will result in dkt. 1260 being unsealed.

**SO ORDERED.**

Date: 4/12/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.